UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Steven Wesley, *et al.*,                                              Case No. 3:23-cv-1270

            Plaintiffs,

    v.                                                                    MEMORANDUM OPINION
                                                AND ORDER

Randall Farms, LLC, *et al.*,

            Defendants.

## I.     INTRODUCTION

Plaintiffs Steven Wesley and Ferron Robinson-Wesley filed a motion for leave to file an

Amended Complaint.  (Doc. No. 76).  Defendants Randall Farms, LLC, Randall Brothers, LLC,

Ryan Randall, Lee Randall, and Lawrence Lewis filed a brief in opposition.  (Doc. No. 80).  Plaintiffs

filed a brief in reply.  (Doc. No. 81).  For the reasons discussed below, I grant Plaintiffs' motion.

## II.     BACKGROUND

On July 8, 2021, Steven Wesley, a commercial truck driver, was driving a commercial truck

eastbound on U.S. Route 24 when he pulled over because he noticed smoke coming from the rear

of his trailer.  (Doc. No. 1 at 4).  At that same time, Lawrence Lewis, also a commercial truck driver,

was driving a commercial truck eastbound on U.S. Route 24, carrying an oversized load of farm

equipment.  (*Id.*).  Moments after Wesley stepped out to examine his trailer, Lewis' commercial truck

collided with the trailer, severely damaging the vehicle and throwing Wesley into a nearby ditch.  (*Id.*

at 4-5).  Wesley suffered extensive injuries.  (*Id.* at 5).

Plaintiffs allege the commercial truck operated by Lewis was titled to Ryan Randall, and that its operating authority was registered to Randall Farms, LLC.  (*Id.* at 4).  Plaintiffs further allege "Randall Brothers LLC . . . Ryan Randall[,] and/or Lee Randall" own the farm equipment transported by Lewis.  (*Id.*).

Plaintiffs bring eight causes of action: (1) negligence/negligence *per se* against Lawrence Lewis, (2) vicarious liability against Randall Farms, LLC, Randall Brothers, LLC, Ryan Randall, and Lee Randall, (3) strict liability against Ryan Randall and Randall Farms LLC, (4) negligent hiring, training, and supervision against Randall Farms, LLC, Randall Brothers, LLC, Ryan Randall, and Lee Randall, (5) negligent loading and securement against all defendants, (6) negligent entrustment against Ryan Randall and Randall Farms, LLC, (7) loss of spousal consortium by Plaintiff Ferron Robinson-Wesley, and (8) punitive damages against all defendants.  (*Id.* at 5-11).

I held an initial case management conference on October 3, 2023, and I subsequently issued a scheduling order, as required by Federal Rule of Civil Procedure 16(b), in which I set deadlines for discovery and other matters.  (*See* Doc. No. 17).  At that time, I set a deadline of January 12, 2024, for amending the pleadings.  (*See id.* at 1).  Since then, a number of developments—including discovery disputes and defendant Lawrence Lewis's apparent difficulties maintaining contact with his counsel—have slowed the discovery process.  (*See* Doc. Nos. 27, 29, 30, 52, 60, & 69).  At the parties' request, and without objection, I have extended discovery deadlines three times.  (*See* non-document order dated January 19, 2024, Doc. Nos. 48 & 63).

On December 20, 2024, I held an on-the-record hearing to resolve disputes between the parties regarding the production of written discovery.  (*See* Doc. No. 63).  The parties submitted "15 contested items" in a "17 page[]" joint status report.  (*Id.* at 3).  During the hearing, I overruled several of Defendants' objections to Plaintiffs' discovery requests and ordered Defendants to

produce to the Plaintiffs certain records and other information they had previously refused to provide.  (*See id.* at 17, 31).

Defendants also confirmed during the hearing that they planned to produce additional written discovery to Plaintiffs, and they represented that they did not possess other documents Plaintiffs had requested.  (*See id.* at 4, 7-9, 34-36, 42-44, 45, 46, 50-51, 54-55).  Among other things, Defendants confirmed that Plaintiffs could acquire the payroll records for Defendant Lawrence Lewis by subpoenaing the accountant for the two LLCs.  (*See id.* at 18-19, 31-32).

Two months after the discovery dispute hearing, on February 12, 2025, Plaintiffs received those payroll records.  (*See* Doc. No. 81 at 8).  Two days later, Plaintiffs deposed Christine Misler and Al Leininger.  (*See* Doc. Nos. 67 & 68).  On March 7, 2025, prompted by information acquired through these new discovery developments, Plaintiffs communicated their desire to file an amended complaint during a telephone status conference with counsel for the parties.  (*See* Doc. No. 74). After the parties met and conferred about Plaintiffs' proposed amended complaint, as I ordered during the telephone status conference, (*Id.*), Plaintiffs' motion timely followed.  (*See* Doc. No. 76).

Plaintiffs' proposed amended complaint would add factual and legal allegations about the business relationship between Defendants Randall Brothers, LLC and Randall Farms, LLC.  (*See* Doc. No. 75-1 at 5-7, 13-4).

The proposed amended complaint alleges the two corporate entities are "intertwined . . . such that [their] separate identities . . . do not exist."  (*Id.* at 5).  It contends the two LLCs jointly operate a single enterprise buying, selling, and delivering farm equipment, with Randall Brothers, LLC handling the purchase and sale side, and Randall Farms, LLC handling the trucking and logistics of transporting the farm equipment.  (*See id.* at 6).  The proposed amended complaint would allege the two LLCs are owned and managed by the same four people, that they share a physical headquarters in Holgate, Ohio, that they share at least one employee (Misler), and that business

3

records for the two entities are intermingled.  (*See id.* at 5-6).  The proposed amended complaint would contend that Misler, the LLCs' accountant, the LLCs' insurance agent, and Defendant Ryan Randall consider the two LLCs to be part of a single business enterprise.  (*See id.* at 6-7).  Plaintiffs would also allege that Randall Farms, LLC and Randall Brothers, LLC jointly handled aspects of Lawrence Lewis's employment: Lewis drove trucks registered and owned by Randall Farms, LLC, but he received paychecks through Randall Brothers, LLC.  (*See id.*).

The proposed amended complaint packages its new legal allegations about the two LLCs under the heading "Single Business Enterprise, Alter Ego, Agency, Joint Enterprise – Randall Brothers LLC and Randall Farms LLC."  (Doc. No. 75-1 at 13-14).  It alleges the two LLCs "have intertwined their operations and resources to achieve a common business purpose, to an extent that their separate identities have essentially been merged into a single entity," making each "vicariously liable" for the actions of the other and requiring their "separate identities" to be "disregarded."  (*Id.* at 13).

"In the alternative," the proposed amended complaint would allege the two LLCs have "engaged in a joint venture and enterprise" such that "all members of the venture" are "liable for the negligence and/or negligence per se of the other members."  (*Id.* at 14).  Plaintiffs would allege the two LLCs "acted as agents for one another and ratified or authorized the acts or omissions for one another."  (*Id.* at 14).  In addition, the proposed amended complaint would specifically allege that Lewis "was acting as a dual servant . . . within the scope of his employment" for the two LLCs, and that the LLCs are therefore both "liable for the negligence of Lawrence Lewis."  (*Id.*).

### III.   STANDARD

Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading.  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the

opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "In the absence of any apparent or declared reason," including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . the leave sought should . . . be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989).  "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

Under Rule 16(b), a district court must issue a scheduling order limiting, among other things, the time to amend the pleadings. *See* Fed. R. Civ. P. 16(b)(3).  The scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  In determining whether good cause exists to modify a scheduling order, a court should consider both "the diligence of the party seeking the extension" and "whether the opposing party will suffer prejudice by virtue of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).  But "'[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)) (additional quotation marks and citation omitted in *Andretti*).  When a scheduling order deadline has passed, "a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary*, 349 F.3d at 909.

## IV.   ANALYSIS

Because the deadline I set for amending the pleadings in this case has passed, Plaintiffs must meet the "good cause" threshold for amending a scheduling order under Rule 16 before I may consider whether amendment is proper under Rule 15.  *See Leary*, 349 F.3d at 909.

### A.   RULE 16

Plaintiffs argue they have been diligent in pursuing their amendment because they only learned of the relevant facts underlying the amendment in February of 2025, and they provided notice of their desire to amend their complaint shortly thereafter.  (*See* Doc. No. 76 at 5; Doc. No. 81 at 2).  Specifically, they contend, "Plaintiffs did not become aware of the necessity to amend their complaint to include Joint Enterprise (Venture), Single Business Enterprise, Alter Ego, and Agency until it was discovered that Lawrence Lewis was employed by Randall Brothers, LLC and not Randall Farms, LLC."  (Doc. No. 81 at 7).

Defendants argue Plaintiffs did not try to diligently meet the January 12, 2024 deadline for amending the pleadings in this case, and that they knew, or should have known, enough to allege various forms of joint liability well before the initial deadline to amend the pleadings.  (*See* Doc. No. 80 at 6-7).  They contend, "[i]t has been known to Plaintiffs that Randall Brothers and Randall Farms are sister companies" and "Plaintiffs further had knowledge as to the similar ownership of the two entities," which means they "knew enough to plead their Joint Enterprise claim."  (*Id.* at 7).  Defendants further argue they will be prejudiced because "Plaintiffs seek to add an entirely new cause of action at this late stage after nearly all fact discovery has been exhausted."  (*Id.* at 14).

I find Plaintiffs have been sufficiently diligent in pursuing their amendment in this case and that Defendants will not suffer any substantial prejudice from Plaintiffs' amendment.  Most pertinent to the arguments here, newly discovered relevant information can serve as a basis for a finding of good cause for seeking leave to amend a pleading under Rule 16(b)(4).  *See WEL*

*Companies, Inc. v. Haldex Brake Prods. Corp.*, 467 F. Supp. 3d 545, 552-53 (S.D. Ohio 2020) (finding good cause where the plaintiff "received discovery" that "gave it a good faith basis to believe" amendment was warranted a year after the complaint was filed); *Fijalkowski v. Belmont Cnty. Bd. of Comm'rs*, Case No. 2:17-cv-195, 2018 WL 1835444, at *2 (S.D. Ohio April 18, 2018) (granting leave to amend where "new information" confirmed the plaintiff's "suspicion" that she had been retaliated against for reporting financial misconduct); *Salerno v. Fam. Heritage Life Ins. Co. of Am.*, Case No. 1:23-cv-01419, 2024 WL 2235772, at *3 (N.D. Ohio May 17, 2024) (finding good cause where a new counterclaim "arguably comes from new information uncovered during discovery" because "[a] party may show good cause to amend even when discovery confirms prior suspicions that may not have allowed a party to meet the Rule 8(c) pleading standard in good faith when originally filed"); *Discover Bank v. New Vision Fin., LLC*, Case No. 2:03-CV-686, 2005 WL 1865369, at *3 (S.D. Ohio Aug. 1, 2005) (finding good cause where "discovery apparently confirmed [the plaintiff's] suspicions sufficiently so that the company could assert claims against the three parties it seeks to add in good faith"); *Joseph v. Joseph*, Case No. 1:16-cv-465, 2017 WL 5953119, at *2 (S.D. Ohio Jan. 10, 2017) (finding good cause where "[t]he documents upon which the proposed amendment is largely based were not produced until more than two months after the . . . motion to amend deadline").

Here, Plaintiffs contend that they did not understand the extent to which the affairs of Randall Brothers, LLC and Randall Farms, LLC were intermingled—particularly with regard to Defendant Lawrence Lewis, the truck driver who allegedly caused the accident—until February of 2025. (*See* Doc. No. 81 at 9). On February 12, 2025, following the discovery dispute hearing, Plaintiffs first received payroll information for Lewis indicating he was paid by Randall Brothers, LLC, not Randall Farms, LLC. (Doc. No. 81 at 8). This is significant because, according to Plaintiffs, both Lewis and Defendant Ryan Randall had previously testified that Lewis was employed by Randall Farms, LLC. (*See* Doc. Nos. 75-4 & 75-8). And Plaintiffs allege Randall Farms, LLC also

provided the tractor, trailer, and United States Department of Transportation operating authority. (*See* Doc. No. 1 at 3, 4).  Combined with new evidence that Lewis was paid through Randall Brothers, LLC, this suggests that both LLCs—and not just Randall Farms, LLC—may have administered and directed aspects of Lewis's employment.  Further, on February 14, 2025, Misler testified in her deposition that she worked for both LLCs and that she did not "separate" between the two entities, among other things, potentially strengthening this inference.  (Doc. No. 75-5 at 3).

Based on this timeline, which Defendants do not contest, Plaintiff was reasonably diligent in seeking leave to amend.  While Plaintiffs may have known the two LLCs were "sister" corporations owned and controlled by the same individuals before the January 12, 2024 deadline to amend the pleadings, I am persuaded that they did not understand the extent of the collaboration between these two separate entities, as relevant to this lawsuit, until after they learned Randall Brothers, LLC—and not Randall Farms, LLC—paid Lewis.

The new information about Lewis's employment raises the possibility that Randall Farms, LLC and Randall Brothers, LLC may effectively "split" certain responsibilities within a single joint trucking and sales enterprise: Randall Farms, LLC provides the truck and the necessary operating authority, while Randall Brothers, LLC provides the manpower.  Moreover, Defendants' own briefing lends credence to this possibility.  They characterize the injuries in this case as arising from "a motor vehicle collision involving Defendant Lawrence Lewis while he was in the course and scope of his employment with Defendant Randall Brothers and while he was operating a tractor-trailer owned by and under Defendant Randall Farms' operating authority."  (Doc. No. 80 at 2).

Accordingly, even if Plaintiffs had a "suspicion" that Randall Farms, LLC and Randall Brothers, LLC operated an actionable joint enterprise prior to the initial deadline for amending the pleadings, they have more recently "received actual evidence" they reasonably characterize as supporting their request to amend their complaint. *Fijalkowski*, 2018 WL 1835444, at *2; *see also In re*

*Biozoom, Inc. Sec. Litig.*, Case No. 1:14–CV–01087, 2015 WL 1954553, at *2 (N.D. Ohio April 29, 2005) (finding good cause where the plaintiffs "reasonably believed" that pleading a certain fact "was unnecessary" prior to an adverse ruling on a motion to dismiss).

The Federal Rules of Civil Procedure require attorneys to undertake reasonable inquiry into the facts underlying a pleading before submitting it to a court. *See* Fed. R. Civ. P. 11(b). Plaintiffs' choice to wait to seek leave to amend until they ascertained a "good faith basis" for their amendment is not dilatory conduct. *WEL Companies, Inc.*, 467 F. Supp. 3d at 553. And because they received this information less than a month before providing notice they sought to amend their complaint, (*see* Doc. No. 74), I find Plaintiffs were diligent in pursuing their amendment. *See Amos v. PPG Indus., Inc.*, Case No. 2:05–cv–70, 2014 WL 556676, at *5 (S.D. Ohio Feb. 13, 2014) (finding the plaintiffs diligent in seeking leave to amend where they learned about a new potential defendant a month before filing their motion).

I also find Defendants will not suffer significant prejudice if I grant Plaintiffs leave to amend. First, Defendants' own discovery conduct undermines their argument that any continued delay in this case will cause them prejudice. Defendants acquiesced in all three of Plaintiffs' requests for extensions of the discovery deadlines. (*See* non-document order dated January 19, 2024; Doc. Nos. 48 & 63). More recently, I resolved a discovery dispute between the parties largely in Plaintiffs' favor, after Defendants objected to many of Plaintiffs' requests for written discovery. (*See* Doc. No. 69 at 17, 31). Defendants do not explain how they will suffer significant prejudice from any further delay in light of actions they have taken that have prolonged discovery in this case.

More importantly, the allegations Plaintiff seeks to add will not markedly expand the scope of discovery. (*See* Doc. No. 80 at 13-14). Plaintiffs do not seek to add "an entirely new claim" to their complaint, as Defendants assert. (*Id.* at 14). Instead, it is more accurate to say Plaintiffs seek to add factual allegations about the business relationship between Randall Farms, LLC and Randall

9

Brothers, LLC to support new theories of liability targeting those corporate entities.  But the core

facts of the underlying case would remain the same: Plaintiffs seek to hold Defendants Lawrence

Lewis, Ryan Randall, Lee Randall, Randall Brothers, LLC, and Randall Farms, LLC liable for injuries

sustained by Plaintiff Steven Wesley resulting from a truck collision.  (*See* Doc. No. 75-1).

> Plaintiffs do not seek to add other defendants or causes of action based on other legal or

factual injuries.  As a result, any additional discovery would address the narrow issues of whether,

and to what extent, Randall Brothers, LLC and Randall Farms, LLC collaborated, acted jointly, or

acted on behalf of each other in the operation of a trucking and sales business enterprise in which

Lewis played a part.  Thus, Plaintiffs' proposed amendments are unlikely to require Defendants to

expend significant additional resources litigating this case.  *Cf. Vivanco v. Management & Training Corp.*,

2022 WL 22672555, at *2 (S.D. Ohio March 22, 2022) (finding any additional discovery would not

substantially prejudice the defendant where the new claims "are significantly related because they are

based on the same facts and allegations" as the preexisting claims).

> Further, the procedural posture of this case does not suggest Defendants will be significantly

prejudiced by Plaintiffs' amendments.  Motions seeking leave to amend filed *after* the close of

discovery and the commencement of summary judgment motion practice are "routinely deem[ed] . .

. unduly prejudicial."  *Sumlin v. Mt. Morris Twp.*, Case No. 21-cv-10597, 2023 WL 8423381, at *2

(E.D. Mich. March 22, 2023) (citing cases).  By contrast, Plaintiffs filed their motion before the end

of discovery and prior to summary judgment, which is less likely to cause significant prejudice.  To

underscore this point, Defendants recently served their expert reports and supporting

documentation on Plaintiffs, indicating that the parties are still actively engaged in the discovery

process.  (*See* Doc. No. 86).  Because Plaintiffs' amended complaint will require only a modest

expansion of the scope of discovery, which is ongoing in this case, and because Defendants have

not identified any other form of prejudice they are likely to suffer, I find Plaintiffs' proposed amendments will not cause significant prejudice to the Defendants.

In sum, Plaintiffs diligently sought to amend their complaint after learning relevant new information through discovery, and Defendants have not explained how they will suffer any significant prejudice as a result of Plaintiffs' amendments. Therefore, Plaintiffs have shown good cause to amend their complaint after the January 12, 2024 deadline. *See* Fed. R. Civ. P. 16(b)(4).

## B.     RULE 15

Defendants argue I should deny Plaintiffs' motion for leave to amend under the more lenient Rule 15 standard because Plaintiffs requested their amendment with undue delay, because allowing an amendment will cause them significant prejudice, and because doing so would be futile. (Doc. No. 80 at 9, 12, 13).  Plaintiffs argue they have been diligent, the amendment would not cause Defendants significant prejudice, and the amendment would not be futile.  (Doc. No. 81 at 2, 9, 12).

### 1.     Delay and Prejudice

Defendants' Rule 15 arguments for delay and prejudice largely track their arguments regarding prejudice under the Rule 16(b) rubric, and they fail for the same reasons.  While the 15-month gap between the deadline for amending the pleadings and Plaintiffs' motion for leave to amend is lengthy at first glance, Plaintiffs received notice of relevant facts underlying their newly-pled allegations in February of 2025, and they filed their motion for leave to amend in March of 2025.  So, the relevant period of delay is brief: about one month.  Moreover, "in order to deny leave to amend for undue delay," Defendants must make "'some significant showing of prejudice.'" *Dana Corp. v. Blue Cross Blue Shield Mut. of N. Ohio*, 900 F.2d 882, 888 (6th Cir. 1990) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)).  As discussed above, they have failed to make that showing.  Therefore, I conclude delay and prejudice do not justify denying Plaintiffs' motion for leave to amend under Rule 15.

2.      **Futility**

"A proposed amendment is futile," and a court should not grant leave to amend, where the amendment "would not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim." *Kriepke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)) (further citation omitted).  When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case[,] and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

All of Plaintiffs' claims are Ohio law clams.  When applying state law, a federal court must "'anticipate how the relevant state's highest court would rule in the case'" by looking to "'controlling decisions of that court.'" *Vance v. Amazon.com*, 852 F.3d 601, 610 (6th Cir. 2017) (quoting *In re Dow Corning Corp.*, 419 F.3d 543, 549 (6th Cir. 2005)).  If there are no controlling highest court decisions, a court must "make the best prediction of what the state court would do if confronted with the question" by looking to state appellate court decisions.  *Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 624 (6th Cir. 2008) (citing *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 577 (6th Cir. 2004)).

Defendants argue that "Plaintiffs' amendment is futile because even if Plaintiffs amend their complaint to add such [a] claim, they are unable to pierce the corporate veil to reach between Randall Brothers and Randall Farms." (Doc. No. 80 at 12).  Citing *Minno v. Pro-Fab, Inc.*, 905 N.E.2d

613 (Ohio 2009), they argue that because the two entities are "sister companies," without any ownership interest in the other, a veil-piercing theory of liability is not plausible.  (*Id.* at 13).

As Defendants acknowledge, (*see* Doc. No. 80 at 13), Plaintiffs' proposed amended complaint asserts facts related to several different theories of corporate liability against Randall Farms, LLC and Randall Brothers, LLC based on their alleged lack of "separateness," their engagement in a joint business venture, and each entity's acts on behalf of the other.  (Doc. No. 75-1 at 5-6, 13-14; *see* Doc. No. 76 at 7-14; Doc. No. 81 at 12-13).  Corporate veil-piercing is only one such path to liability.  Defendants "assert" that a veil-piercing claim is futile "[r]egardless of whether Plaintiffs can successfully prove that Randall Brothers and Randall Farms operate a joint enterprise." (*Id.*)

"'Piercing the corporate veil' is '[t]he judicial act of imposing personal liability on otherwise immune corporate officers, directors, or shareholders for the corporation's wrongful acts.'"  *Minno*, 905 N.E.2d at 616 (quoting Black's Law Dictionary (8th ed. 2004)) (alteration by *Minno*).  Under certain circumstances, this doctrine allows "the corporate form [to] be disregarded . . . for the purpose of reaching the assets of the corporation's individual shareholders."  *Minno*, 905 N.E.2d at 616.  But "[a] corporation's veil may not be pierced in order to hold a second corporation liable for the corporate misdeeds of the first when the two corporations have common individual shareholders but neither corporation has any ownership interest in the other corporation."  *Minno*, 905 N.E.2d at 617.

Plaintiffs would newly allege that "[t]he business relationship of Randall Brothers LLC and Randall Farms LLC is intertwined such that the separate identities of Randall Brothers LLC and Randall Farms LLC do not exist," based on common ownership, a common location, common employees, the mutual use of a single accountant, the LLCs' joint participation in a single farm equipment sales enterprise, and the failure to keep separate records.  (Doc. No. 75-1 at 5).  But the

13

proposed amended complaint does not allege Randall Brothers, LLC has an ownership interest in Randall Farms, LLC, or vice versa.

To the extent Plaintiffs seek to hold Randall Farms, LLC or Randall Brothers, LLC liable "as an individual shareholder" of the other "for the [other] corporation's wrongful acts" under a corporate veil-piercing theory of liability, this is not plausible based on the proposed amended complaint's factual allegations because Plaintiffs do not allege either LLC has an ownership interest in the other. *Minno*, 905 N.E.2d at 616-17.

But as Plaintiffs point out, their proposed amended complaint also alleges Randall Brothers, LLC and Randall Farms, LLC are liable for acts pursuant to a joint business enterprise, among other theories of liability. (Doc. No. 76 at 7-12); *see Meinert Plumbing v. Warner Indus., Inc.*, 90 N.E.3d 966, 975-78 (Ohio Ct. App. 2017) (distinguishing between veil-piercing liability and joint enterprise liability). Defendants' futility argument focuses entirely on corporate veil-piercing; they do not address the factual or legal allegations related to any other form of liability newly pled in the proposed amended complaint. (*See* Doc. No. 80). Therefore, I conclude Defendants have not shown Plaintiffs' proposed amended complaint would be futile.

Defendants have not shown they would be unduly prejudiced by any delay, and they have not shown that the proposed amended complaint would be futile, so I grant Plaintiffs' motion for leave to amend their complaint under Rule 15(a)(2).

14

## V.    CONCLUSION

For the reasons discussed above, I grant Plaintiffs' motion to modify the scheduling order, and I grant them leave to amend their complaint.  (Doc. No. 76).  Plaintiffs shall file their amended complaint, consistent with this opinion, no later than 7 days after the issuance of this Opinion and Order.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge